# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

VERLAN FIRE INSURANCE
COMPANY as subrogee of
Diversitech Holdings, Inc.,
Diversitech Intermediate, Inc., and
Diversitech Corporation,

        *Plaintiff*,

v.

BIO-LAB, INC.; KIK
INTERNATIONAL LLC; and KIK
CUSTOM PRODUCTS INC.,

        *Defendants*.

Case No. 1:25-cv-06708-SEG

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff and Defendants Bio-Lab, Inc., KIK International LLC, and KIK Custom Products Inc., through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

1.    **Description of Case**:

*(a)    Describe briefly the nature of this action.*

***For Plaintiff****:*

This is a subrogation action arising from a chemical fire and resulting toxic release at Defendants' facility in Conyers, Georgia on September 29, 2024. Plaintiff

Verlan Fire Insurance Company brings this action as subrogee of Diversitech Holdings, Inc., Diversitech Intermediate, Inc., and Diversitech Corporation, whose nearby manufacturing facility sustained property damage and business interruption losses. Plaintiff alleges that Defendants' handling and storage of hazardous chemicals caused the incident and seeks recovery of insurance proceeds paid, and other damages, under theories including negligence, strict liability, nuisance, and trespass.

### *For Defendants*:

This is a civil suit following a fire at Bio-Lab, Inc.'s manufacturing facility in Conyers, Georgia, on September 29, 2024.  Plaintiff's Complaint brings five claims—negligence, strict liability, public nuisance, private nuisance, and trespass—and seeks compensatory, incidental, and consequential damages, interest, and attorneys' fees.  Dkt. 1 ¶¶ 132-205, Request for Relief ¶¶ 1-4. Defendants deny that they engaged in any unlawful conduct and further deny that Plaintiff is entitled to the relief requested in the Complaint.

*(b)      Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

### *For Plaintiff*:

On September 29, 2024, a fire occurred at a chemical manufacturing facility operated by Defendants in Conyers, Georgia, which resulted in the release of smoke,

gases, and other byproducts into the surrounding area and prompted emergency response activities.

Plaintiff's subrogors operated a manufacturing facility located in close proximity to the Defendants' facility. Following the incident, Plaintiff's subrogors' facility was subject to evacuation and shelter-in-place orders and experienced disruption of operations. Plaintiff's subrogors reported property damage and business interruption losses following the incident.

At the time of the loss, Plaintiff provided property and business interruption insurance coverage to Diversitech. Plaintiff paid insurance proceeds for covered losses and continues to adjust the claim. Plaintiff brings this action as subrogee seeking recovery of amounts paid and any additional covered losses.

*For Defendants*:

Defendants deny the substantive allegations outlined in the Complaint, including that any losses by Plaintiff's subrogors on or after the date of the alleged incident were caused by Defendants.  At all times, Defendants acted legally and in good faith with respect to managing, maintaining, and operating the Bio-Lab facility in Conyers, Georgia.  Defendants reserve the right to alter, amend, or modify their factual contentions as necessary during discovery.

(c)     *The legal issues to be tried are as follows:*

**For Plaintiff:**

3

1. Whether Defendants bear responsibility for damages arising from the September 29, 2024 fire and resulting chemical release under theories of negligence;

2. Whether Defendants are subject to strict liability based on the manufacture, handling, storage, and processing of hazardous and ultrahazardous materials;

3. Whether Defendants' conduct constituted a public nuisance and/or private nuisance affecting Plaintiff's subrogors' property and operations;

4. Whether Defendants' actions resulted in an unlawful trespass onto Plaintiff's subrogors' property through the release of contaminants, smoke, and debris;

5. Whether Plaintiff is entitled to recover its alleged damages arising from the incident and, if so, the amount of such damages; and

6. Whether Plaintiff is entitled to recover interest, costs, attorneys' fees, and other relief permitted by law.

***For Defendants:***

1. Whether Plaintiff can establish a claim for Negligence;

2. Whether Plaintiff can establish a claim for Ultrahazardous Activity/Strict Liability;

3. Whether Plaintiff can establish a claim for Public Nuisance;

4

4. Whether Plaintiff can establish a claim for Private Nuisance;

5. Whether Plaintiff can establish a claim for Trespass;

6. Whether any of Plaintiff's claims are barred by the Defendants' asserted defenses;

7. Whether Plaintiff is entitled to damages, and if so, the amount of damages; and

8. Whether any party is entitled to recover attorneys' fees and/or costs.

(d)    *The cases listed below (include both style and action number) are:*

(1)    *Pending Related Cases*:  *In Re: Bio-Lab Class Actions*, 24-cv-4407-SEG (N.D. Ga.); *Rockdale County v. Bio-Lab, Inc., et al.*, No. 24-cv-04916-SEG (N.D. Ga.); *Ohio Security Ins. Co. v. Bio-Lab, Inc*, No. 26-cv-00833-SEG (N.D. Ga.).  There are also several related cases filed in Georgia state court.

(2)    *Previously Adjudicated Related Cases:*  Not applicable.

2.    *This case is complex because it possesses one (1) or more of the features listed below (please check):*

_____ (1)    Unusually large number of parties

_____ (2)    Unusually large number of claims or defenses

_____ (3)    Factual issues are exceptionally complex

_____ (4)    Greater than normal volume of evidence

5

_____ (5)    Extended discovery period is needed

_____ (6)    Problems locating or preserving evidence

__x__ (7)    Pending parallel investigations or action by government

__x__ (8)    Multiple use of experts

_____ (9)    Need for discovery outside United States boundaries

__x__ (10)   Existence of highly technical issues and proof

_____ (11)   Unusually complex discovery of electronically stored information

**3.    Counsel**:

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

***For Plaintiff:***

David S. Huberman
White and Williams LLP
One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, PA 19103
215-864-6344
Fax: 215-789-7621
Email: hubermand@whiteandwilliams.com

Graham McKinnon, IV
Ga. Bar No. 495806
FOX, CHANDLER, HICKS, MCKINNON & CASSERT, LLP
125 Maple Street, NW
Gainesville, GA 30503
770-534-7386
graham@tfchc.com

*For Defendants*:

Alan E. Schoenfeld
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street, New York, NY 10007
212-937-7294
Fax: 212-937-8888
Email: alan.schoenfeld@wilmerhale.com

Felicia H. Ellsworth
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street, Boston, MA 02109
617-526-6687
Fax: 617-526-5000
Email: felicia.ellsworth@wilmerhale.com

Robin C. Burrell
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue, N.W., Washington, DC 20037
202-663-6060
Fax: (202) 663-6363
Email: robin.burrell@wilmerhale.com

**4.     Jurisdiction**:

*Is there any question regarding this court's jurisdiction?*

_____Yes    __X__No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

*(a) The following persons are necessary parties who have not been joined:*

**For Plaintiff**: None

**For Defendants**: None.

*(b) The following persons are improperly joined as parties:*

**For Plaintiff**: None

**For Defendants**: None.

*(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

**For Plaintiff**: None

**For Defendants**: None.

*(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

**6.    Amendments to the Pleadings**:

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.*

*(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:*

8

*For Plaintiff:*

Plaintiff does not presently anticipate amendments to the pleadings but reserves the right to seek leave to amend based on developments in In re: Bio-Lab Class Actions, No. 24-cv-4407-SEG (N.D. Ga.), including rulings concerning the Centerbridge Defendants.

*For Defendants*: None.

*(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

## 7.    Filing Times for Motions:

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).*

*(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.*

*(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1*

*(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

*(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.*

**8.      Initial Disclosures**:

*The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).*

Plaintiff and Defendants intend to exchange initial disclosures within 30 days of the filing of this Report, by May 20, 2026.

**9.      Request for Scheduling Conference**:

*Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.*

The Parties do not believe a scheduling conference is necessary at this time. The Parties intend to continue to meet and confer regarding the case schedule after a scheduling order is entered in *In Re: Bio-Lab Class Actions*, 24-cv-4407-SEG (N.D. Ga.), in order to propose a schedule for this case that aligns with the schedule entered in that action.

**10.    Discovery Period**:

*The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-months discovery period, and (c) eight (8)- months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

10

*Please state below the subjects on which discovery may be needed*:

The Parties intend to continue to meet and confer regarding the discovery schedule after a scheduling order is entered in *In Re: Bio-Lab Class Actions*, 24-cv-4407-SEG (N.D. Ga.), in order to align the schedule in the case with the schedule entered in that action.

**For Plaintiff**:

The circumstances surrounding the September 29, 2024 fire at Defendants' Conyers, Georgia facility, including the storage, handling, and processing of chemicals at the facility; the cause and progression of the fire and resulting chemical release; Defendants' operations, safety practices, and emergency response procedures; communications with governmental agencies and first responders; Defendants' knowledge of risks associated with the chemicals at issue; the impact of the incident on surrounding properties and areas; and Defendants' asserted defenses.

**For Defendants**: Plaintiff's claims and damages and Defendants' defenses.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below*:

The parties intend to coordinate discovery with discovery in *In Re: Bio-Lab Class Actions*, 24-CV-4407-SEG (N.D. Ga.) and anticipate that discovery in this case will proceed on the schedule to be entered in that case.

11

**11.    Discovery Limitation and Discovery of Electronically Stored Information**:

*(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

The parties agree that, pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary e-mail address listed (or any updated email address provided to all counsel of record).  The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  If an error or delayed delivery message is received by the sending party, that party shall promptly notify the intended recipient of the message and serve the pleadings of other papers by other authorized means.

The parties intend to submit a protective order governing the production of confidential, proprietary, or private information on substantially similar terms to the protective order in *In Re: Bio-Lab Class Actions*, 24-CV-4407-SEG (N.D. Ga.), Doc. 202.  The parties reserve the right to seek additional related orders should they become necessary.

*(b) Is any party seeking discovery of electronically stored information?*

___x___ Yes                    _____ No

**If "Yes",**

(1)    *The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows*:

The parties intend to submit an order on discovery of electronically stored information on similar terms to the order for the production of electronically stored information in *In Re: Bio-Lab Class Actions*, 24-CV-4407-SEG (N.D. Ga.), Doc. 203.

(2)    *The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows*:

The parties intend to submit an order on discovery of electronically stored information on similar terms to the order for the production of electronically stored information in *In Re: Bio-Lab Class Actions*, 24-CV-4407-SEG (N.D. Ga.).  That order addresses the format of data for production, and the inclusion or exclusion and use of metadata.

*In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference.*

**12.    Other Orders**:

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

The Parties intend to submit a proposed Coordination Order that will

facilitate coordination of discovery in this case with discovery in *In Re: Bio-Lab*

*Class Actions*, 24-cv-4407-SEG (N.D. Ga.).

**13.    Privileged Material**:

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

_____ Yes                    ___x___ No

**If "Yes",**

*The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:*

**14.    Settlement Potential**:

*(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.*

The parties have had initial conversations about the possibility of a settlement. The parties have not yet conducted a Rule 26(f) conference, but will act expeditiously to further assess the possibility of resolving this matter through mediation or settlement.

(b) *All parties were promptly informed of all offers of settlement and following*

*discussion by all counsel, it appears that there is now*:

( x ）  A possibility of settlement before discovery.

( x ) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

(__ ) No possibility of settlement.

(c)    *Counsel ( x ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is* to be determined.

The parties are amenable to holding further settlement conferences amongst themselves but currently have no subsequently scheduled conference.

(d) *The following specific problems have created a hindrance to settlement of*

*this case*:

None at this time.

15

**15.**     **Trial by Magistrate Judge**:

Note: *Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial*.

The parties do not consent to having this case tried before a magistrate judge of this Court.

As agreed by all Parties this 20th day of April, 2026.

**Counsel For Plaintiff**

/s/ Graham McKinnon, IV
Graham McKinnon, IV
Ga. Bar No. 495806
**FOX, CHANDLER, HICKS,
  MCKINNON & CASSERT, LLP**
125 Maple Street, NW
Gainesville, GA 30503
Tel. (770) 534-7386
graham@tfchc.com

David S. Huberman*
**WHITE AND WILLIAMS LLP**
1650 Market Street, Suite 1800
Philadelphia, PA 19103
Tel.: (215) 864-6344
Fax: (215) 789-7621
hubermand@whiteandwilliams.com

*Counsel for Plaintiff,
Verlan Fire Insurance Company
as subrogee of Diversitech Holdings,
Inc., Diversitech Intermediate, Inc.
and Diversitech Corporation*

*Pro hac vice

/s/ Jarred A. Klorfein
Michael A. Caplan
Ga. Bar No. 601039
Jarred A. Klorfein
Ga. Bar No. 562965
Alan M. Long
Ga. Bar No. 367326
Emily C. Snow
Ga. Bar No. 837411
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
jklorfein@caplancobb.com
along@caplancobb.com
esnow@caplancobb.com

/s/ Alan E. Schoenfeld
Alan E. Schoenfeld*
Thomas K. Bredar*
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
7 World Trade Center
250 Greenwich Street New York, NY
10007
Tel.: (212) 230-8800

16

Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com
thomas.bredar@wilmerhale.com

Felicia H. Ellsworth*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

Robin C. Burrell*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Avenue, N.W.,
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363
robin.burrell@wilmerhale.com

*Pro Hac Vice*

**Counsel for Defendants**

17

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

Specifically, the Parties have informed the Court that they intend to continue to meet and confer regarding the case schedule after a scheduling order is entered in *In Re: Bio-Lab Class Actions*, 24-cv-4407-SEG (N.D. Ga.), in order to propose a schedule for this case that aligns with the schedule entered in that action. The parties will follow the time limits in any scheduling order entered thereafter by the Court in this action.

IT IS SO ORDERED, this _____ day of _____, 2026.

_____
UNITED STATES DISTRICT JUDGE

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which automatically sends e-mail notification of filing to any attorneys of record.

Dated: April 20, 2026.

*/s/ Jarred A. Klorfein*

Certificate of Service Page